Pannell & Jones vs. Phillips & Company.

PANNELL & JONES, plaintiffs in error, vs. W. R. PHILLIPS JR., & COMPANY, for use, etc., defendants in error.

1. In a suit against the drawers of a domestic bill of exchange, not made for the purpose of negotiation, nor intended to be negotiated, at any chartered bank, it is unnecessary to show protest for non-payment, and notice thereof.
2. Where a draft is drawn upon a firm, and one of the members thereof accepts the same in his individual name, the partnership is bound.

Bills of exchange.  Protest.  Acceptance.  Partnership. Before Judge HOPKINS.  DeKalb Superior Court.  March Term, 1875.

Reported in the decision.

CANDLER & THOMSON, for plaintiffs in error.

L. J. WINN, for defendants.

WARNER, Chief Justice.

The plaintiffs brought an action against the defendants on two drafts, one of which is of the following tenor and effect:

"ATLANTA, 31st August, 1871.
"A. Landsburgh & Company, at twenty days sight, pay to William R. Phillips jr., & Company, or bearer, seventy-five dollars, and charge to account of			PANNELL & JONES."

The other draft is an exact copy of the above, except in amount, which is only for $50 18.  Both drafts had the following written acceptance on the face thereof:

"Accepted, September 1st, 1871.		"A. LANDSBURGH,
" per WILLIAM RICH, Attorney."

On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiffs.  The defendants made a motion for a new trial, on the ground that the verdict was contrary to law, contrary to the evidence, and for alleged error in the charge of the court; which motion was overruled, and the defendants excepted.

1. It appears from the evidence in the record that at the

Pannell & Jones vs. Phillips & Company.

time Pannell & Jones drew the two drafts sued on in favor of the plaintiffs, they held a note on A. Landsburgh & Company, on whom the drafts were drawn, for $500 00, which was placed in the hands of the plaintiffs to be presented to A. Landsburgh & Company, when the two drafts were presented for acceptance and was so presented, and the amount of the two drafts credited thereon, which note so credited, with the amount of the two drafts, was afterwards returned by the plaintiffs to the defendants. The two drafts were given to the plaintiffs for goods purchased of them by the defendants. There is evidence in the record going to show that A. Landsburgh & Company were insolvent at the time the two drafts became due. The court charged the jury, amongst other things, "that upon the introduction in evidence of the drafts made by the defendants, in the absence of any defense, the plaintiffs would be entitled to recover; that protest for non-payment of the drafts by the acceptors, and notice of the same to the drawers, was not necessary to entitle the plaintiffs to recover; that the defendants, the drawers of the drafts, are liable upon the same, unless it is shown by the evidence that they had been injured by the failure of the holders to give notice to them of the non-payment of the drafts by the acceptors." These two drafts were domestic inland bills of exchange, drawn in this state upon parties in this state, and payable here, and were not payable at any chartered bank, and were not made for the purpose of negotiation nor intended to be negotiated, as appears on the face thereof, at any chartered bank. Since the passage of the act of 1826, Code, section 2781, notice of the non-acceptance or of the non-payment of this class of paper, has not been required in this state to charge the indorser or drawer. It is true, the word "drawer" is not in the act of 1826, but if the drafts had been drawn by the defendants, payable to their own order, and they had indorsed the same, they would not have been entitled to notice as such indorsers. Why should they be entitled to notice as drawers and not entitled to notice as indorsers under the statute? The true intent and meaning of the act of 1826 was

to dispense with both protest and notice in regard to the class of paper contained in the record, including the drawers as well as the indorsers thereof, and such is believed to have been the interpretation and construction of that act by the courts of this state, including this court. We find no error in the charge of the court in relation to this point in the case.

2. The objection that the acceptance of the drafts drawn on A. Landsburgh & Company, was signed by A. Landsburgh alone, was not well taken, especially when the amount of the drafts was credited on the note of A. Landsburgh & Company. A partner who accepts a bill drawn on the firm, in his own name, binds the firm : 1 Parsons on Notes and Bills, 123 ; Mason *vs.* Rumsey, 1 Campbell's Reports, 384. The two drafts in this case were drawn by the defendants for goods delivered by the plaintiffs to them, and although the drafts drawn by them for the goods were accepted by Landsburgh & Company, the same have not been paid, and there is sufficient evidence in the record to have authorized the jury to find, that at the time the accepted drafts became due, that Landsburgh & Company were *insolvent*, therefore, the verdict was not contrary to law and the evidence, and there was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.