WILLIAMS & WILSON *et al. vs.* LEWIS & SON.

1. Where a draft was not negotiable or payable at any chartered bank, notice of non-payment was not necessary to charge the drawers or endorsers thereof.

(*a.*) Especially is this the case where the draft waived protest by its terms, which included a waiver of notice.

2. Endorsers of a draft to a suit thereon pleaded that, at and before the maturity of the draft, they paid to the acceptors funds to meet it, but the acceptors failed and the funds were lost, and that the plaintiffs failed to demand payment and never gave notice to defendants of non-payment, until after the acceptors failed, and thereupon by the failure to demand payment and give notice, defendants were damaged the amount of the draft, thereby discharging them :

*Held*, that the plea is to be construed most strongly against the pleader. Therefore the damage being predicated jointly on a failure to make demand and give notice, and the defendants not being entitled to notice, under the facts of the case, there was no error in striking the plea.

March 20, 1883.

Promissory Notes.   Indorsement.   Waiver Pleading. Before HENRY MORGAN, Esq., Judge *pro hac vice.*  Dougherty Superior Court.   October Term, 1882.

Reported in the decision.

D. A. VASON; JOHN C. REED, for plaintiffs in error.

L. J. ODOM; C. B. WOOTEN, for defendants.

JACKSON, Chief Justice.

This action was brought by John F. Lewis & Son against Williams & Wilson, drawers; Welch & Bacon, acceptors; said Williams & Wilson, as indorsers, and J. E. Billups, indorser, on a bill of exchange, a copy of which is as follows:

"$144.20.                    ALBANY, GA., April 5th, 1880. On the fifth  December next pay to ourselves or order one hun-

dred and forty-four dollars and twenty cents for a mule furnished me to make my crop. This to be an advance on my mortgage to you of fifth day of April, 1880. Homestead and other exemptions and protest waived."

Addressed " to Welch & Bacon, factors, warehouse and commission merchants, Albany, Ga. Signed Williams & Wilson, accepted by Welch & Bacon, and indorsed by Williams & Wilson and J. E. Billups.

To this suit Williams & Wilson filed a plea to the effect that, at and before the maturity of the draft, they paid to Welch & Bacon the funds to pay up said draft, and the same are in their hands, but they failed, are insolvent, and the funds are a total loss to them ; that plaintiffs failed to demand payment of the acceptors and never gave notice to defendants of non-payment until after the acept-ors failed, and thereupon by the failure to demand pay-ment and give notice, they are damaged the amount of the draft, and the drawers and indorsers thereof are dis-charged.

On motion, this plea was stricken, and Williams & Wil-son excepted.

The paper was not negotiable or payable at any char-tered bank, and no notice of non-payment was necessary to charge these plaintiffs in error, who are drawers and indorsers of this draft, and the failure to give notice does not discharge them. 55 *Ga.*, 618.

It will be observed that the plea puts the damage to plaintiffs in error upon two acts of the indorsee or holder, not only the failure to demand payment of the acceptors, but also the failure to give notice of non-payment. Both are coupled together in the plea. It is "by failure to demand payment and give notice," that these drawers and indorsers are damaged ; not by either neglect, but both. But they were not entitled to notice. They ex-pressly waived protest, which includes a waiver of notice. If they had not expressly waived it, the law waived it for them. It did not require it from the holder to them,

either in their character as indorsers or as drawers. 55 *Ga.*, 618, *supra.*

The plea is to be taken most strongly against the pleader, as he puts his case, it is presumed, as strongly as he can. Construing this plea in the light of this rule, we see no error in striking it.

Judgment affirmed.